EX PARTE JESSE RAMOS V. STATE OF TEXAS

NO. 07-99-0378-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 5, 2000

______________________________

EX PARTE:  JESSE RAMOS,

Appellant

 v.

THE STATE OF TEXAS, 

Appellee

FROM THE 181
ST
 DISTRICT COURT OF POTTER COUNTY;

NO. W-32120-01-B; HON. RON CHAPMAN, PRESIDING

ORDER REINSTATING AND DISMISSING APPEAL

Before BOYD, C.J., QUINN and JOHNSON, JJ.

Appellant, Jesse Ramos, appealed from an order denying his application for writ of habeas corpus.  The judgment made the subject of the writ was entered in 1993 and  convicted him of aggravated sexual assault.  Believing the conviction improper, appellant petitioned the 181
st
 Judicial District Court for habeas relief.  The grounds alleged which purportedly entitled him to relief were numerous.  Furthermore, many were fact-dependent, such as the allegations regarding newly discovered evidence, the effectiveness of trial counsel, and purported jury misconduct.  Yet, despite appellant’s request for one, no evidentiary hearing was held by the trial court prior to its denial of the application and issuance of findings of fact and conclusions of law.  Thus, we remanded the cause to the trial court for an evidentiary hearing on July 14, 2000.

On October 2, 2000, a supplemental clerk’s record was filed with this court.  The record contained a document entitled “Findings of Fact, Conclusions of Law, and Order Granting Writ of Habeas Corpus.”  In reviewing the latter, we learn that the trial court granted (via agreement of the parties) the writ of habeas corpus which was previously denied.  So too did it set aside the “judgment of conviction in cause number 32,120-B.”  Given this 
sequence of events, Ramos has obtained the relief which was originally sought by and denied to him.  Thus, the appeal from the order originally denying said relief has become moot.

Having previously abated and remanded the appeal to the trial court, we now reinstate it and dismiss it as moot.

 

                                         Brian Quinn

     Justice

                                            

 

Do not publish.